## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 05 2016, 8:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Lewis Eric Maudlin
Salem, Indiana

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEES

Andrew C. Ozete
Frederick R. Folz
Bamberger, Foreman, Oswald and Hahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re: Petition of Wiper Corporation for Tax Deed

Wiper Corporation,

*Appellant-Petitioner/Cross-Appellee,*

v.

Patricia Godwin, Barbara Sanders, Joseph Kaufman, James Zwickel, Thad Fischer, Trent Fischer, and Trina Fischer Boden,

*Appellees-Respondents/Cross-Appellants*

October 5, 2016

Court of Appeals Case No. 87A01-1512-MI-2335

Appeal from the Warrick Circuit Court

The Honorable Greg A. Granger, Judge

Trial Court Cause No. 87C01-1008-MI-572

**Crone, Judge.**

# Case Summary

Wiper Corporation ("Wiper") purchased property in Warrick County ("the Property") owned by Patricia Godwin, Barbara Sanders, Linda Kaufman, James Zwickel, Thad Fischer, Trent Fischer, and Trina Fischer Boden (collectively "the Owners") at a tax sale that was later invalidated by county officials. Wiper and the Owners became embroiled in a discovery dispute regarding the propriety of the notices that Wiper had mailed to the Owners. After a hearing, the trial court issued an order barring Wiper from claiming a refund and participating in the next sale. The order also directed Wiper to pay the Owners' attorneys' fees and costs, to be determined at a later hearing.

Wiper appealed the order, and the Owners cross-appealed. In their reply brief, the Owners argued for the first time that the order is not a final judgment and therefore the appeal should therefore be dismissed for lack of subject matter jurisdiction. We granted Wiper's request to respond to the Owners' reply brief. In their response to Wiper's request, the Owners argued that Wiper's appeal is frivolous or in bad faith and requested appellate attorneys' fees. We dismiss the appeal and deny the Owners' request for fees.

# Facts and Procedural History[1]

In 2007, the Property was conveyed to the Owners by trustee's deed, which lists the Owners' mailing address as James's address in Tennessee and indicates that

[1] We refer to the Owners and others by first name for clarity's sake.

tax statements should be sent to that address. The Owners did not pay the 2008 or 2009 property taxes. In July 2010, the auditor mailed a tax sale notice to the Owners at the Tennessee address. The certified mail receipt was signed by someone with no interest in the Property. In September 2010, Wiper's president, Vinod Gupta, purchased the Property at a tax sale and assigned the tax sale certificate to Wiper. Vinod's son Vivek was Wiper's attorney during the tax sale proceedings. In March 2011, Vinod mailed redemption notices to the Owners at the Tennessee address. The notices were returned as not deliverable as addressed/unable to forward. In June 2011, at Linda's husband's request, the auditor's office updated its records for the Property to reflect Patricia's address in Colorado. The Owners were not informed of the tax sale proceeding. In November 2011, after the redemption period expired, Wiper petitioned for a tax deed and mailed notices to the Owners at the Tennessee address. The notices were returned as not deliverable as addressed/unable to forward. Later that month, the Owners independently learned about the tax sale and filed an objection to Wiper's petition, alleging that Wiper had failed to give them proper notice.

In April 2012, the auditor and treasurer summarily declared the tax sale invalid. Meanwhile, a discovery dispute was brewing between the Owners and Wiper regarding the propriety of Wiper's notices. In May 2012, the Owners filed a motion to compel compliance with discovery and a motion for attorney's fees. In October 2012, after soliciting submissions from the parties, the trial court issued an order that reads in relevant part as follows:

The Court, being duly advised, and based upon the pleadings of record issues the following findings as follows in relation to each of the following issues:

1. Issue One: What amount, if any, of refund is Wiper entitled to in relation to this matter?[2]

2. Issue Two: Should Wiper and Vinod Gupta be barred from participating in the next tax sale in this County?[3]

It is Ordered, Adjudged and Decreed that the Hearing Issues are the only issues remaining before the Court. All other issues previously raised, other than as may be necessary in relation to the enforcement of the terms of this Order, are moot and shall not be addressed further by any party.

Appellant's App. at 426.

The court set the hearing for January 14, 2013. The parties agreed to continue the hearing to March 6. In February, Wiper filed a motion to determine and order refund and motion to quash a subpoena requiring it to appear for a deposition. The trial court denied the motion to quash, and Vinod was deposed

---

[2] *See* Ind. Code § 6-1.1-25-10 (2012) ("If, before the court issues an order directing the county auditor to issue a tax deed to a tract or item of real property …, it is found by the county auditor and the county treasurer that the sale was invalid, the county auditor shall refund: (1) the purchase money and all taxes and special assessments on the property paid by the purchaser… after the tax sale plus six percent (6%) interest per annum; and (2) [certain costs]; from the county treasury to the purchaser ….").

[3] *See* Ind. Code § 6-1.1-25-4.6 (2012) (providing that if "the court refuses to enter an order directing the county auditor to execute and deliver the tax deed because of the failure" of a tax deed petitioner to fulfill the statutory notice requirement, "the court shall order the return of the amount, if any, by which the purchase price exceeds the minimum bid on the property [at the tax sale] minus a penalty of twenty-five percent (25%) of that excess. The petitioner is prohibited from participating in any manner in the next succeeding tax sale in the county under IC 6-1.1-24.").

on February 18.  On February 25, Wiper filed a withdrawal of its petition for tax deed.  On March 1, the Owners filed a motion to continue the hearing, asserting that "depositions of additional witnesses [were] necessary" because Vinod did not know when the county records were searched to determine the Owners' proper address, among other things.  *Id*. at 538.  The trial court continued the hearing to a "date to be determined after depositions."  *Id*. at 543.  In May 2013, the Owners deposed Vivek, who invoked the attorney-client privilege in response to certain questions.

[6]   The next relevant entry in the chronological case summary was not made until March 18, 2015, when the trial court set the hearing for May 6.  On May 6, the hearing was reset to July 22.  On that date, the hearing was finally held by a different judge than the one who issued the October 2012 order.  Vinod and Vivek did not personally appear.  In his opening statement, the Owners' attorney proclaimed,

> This is a matter about the refund due in a tax sale case.  [N]ot just the issue of whether or not [Wiper] provided proper notice as implicated but we'll show today that not only was proper notice not given but that Wiper Corporation is engaged in fraud upon this tribunal that must be addressed.  We will show that it knew it did not send correct notice to my clients.  We will […] show that they knowingly […] filed a false verified petition in this cause. We will show that Wiper filed a false affidavit in this cause.  We will show that Wiper actively hid the evidence of its complicity in this cause.  We will show that Wiper has improperly asserted the attorney/client privilege to further obscure the evidence in this cause.

Tr. at 5.

[7]  Wiper's attorney replied, "Today we're only here on two issues. We're not here on fraud. We're not here on attorney's fees. We're not here on noticing. We are here simply according to the Court's Order which has not been set aside, […] there's been [no] Motion to Correct Error. It has not been overturned." *Id.* at 7. He further stated, "For some reason, [the Owners] have run this through the Court. Racked up absorbent [sic] attorney's fees since April 27th, 2012. In every other Court case in the state this has been resolved. [Y]ou will not find a case that has gone through the Court of Appeals." *Id.* at 8. During the hearing, Wiper's attorney objected on relevance grounds to evidence that allegedly pertained to issues other than those stated in the October 2012 order.

[8]  On December 1, 2015, the trial court issued an order finding that Wiper had knowingly failed to comply with the statutory notice requirements and made false statements during discovery and in its petition for tax deed; that Wiper presented no evidence that it was entitled to a refund, any claim was barred by the doctrine of unclean hands, and its purchase money shall be applied to the Owners' tax obligations on the Property; that Wiper and Vinod were barred from participating in the next tax sale; and that "Wiper brought this action on a claim that was frivolous, unreasonable, or groundless and/or continued to litigate this action after Wiper's claim became frivolous, unreasonable, or groundless" and therefore the Owners were entitled to attorneys' fees and costs

under Indiana Code Section 34-52-1-1. Appellant's App. at 41. In its order, the court set an evidentiary hearing on fees and costs for January 28, 2016.

[9] Wiper appealed, and the Owners cross-appealed, claiming that the trial court erred in not imposing sanctions against Vivek and in deeming moot certain issues regarding Wiper's conduct. Wiper filed a reply brief. The Owners then filed a reply brief and asserted for the first time that the order is not a final judgment and therefore the appeal should be dismissed for lack of subject matter jurisdiction. Wiper requested, and we granted, permission to file a response to the Owners' reply brief. In their response to Wiper's request, the Owners asserted that Wiper's appeal is frivolous or in bad faith and requested appellate attorneys' fees under Indiana Appellate Rule 66(E).

## Discussion and Decision

## Section 1 – The trial court's order is not a final judgment, and therefore we must dismiss this appeal for lack of subject matter jurisdiction.

[10] Article 7, Section 6 of the Indiana Constitution provides that the Court of Appeals "shall exercise appellate jurisdiction under such terms and conditions as the Supreme Court shall specify" by rule. Indiana Appellate Rule 5(A) provides that this Court has jurisdiction in all appeals from final judgments. A judgment is final if "it disposes of all claims as to all parties" or if the trial court in writing expressly determines under Trial Rule 54(B) that there is no just reason for delay and expressly directs the entry of judgment under Trial Rule 54(B) as to fewer than all the claims or parties. Ind. Appellate Rule 2(H).

Whether an order is a final judgment governs our subject matter jurisdiction. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003).[4]

> Neither the parties nor the trial court can confer appellate jurisdiction over an order that is not appealable either as a final judgment or under Trial Rule 54(B). To the contrary, the lack of appellate jurisdiction can be raised at any time, and if the parties do not question subject matter jurisdiction, the appellate court may consider the issue sua sponte.

*Id*.

[11] The Owners assert that the trial court's order is not a final judgment for purposes of Appellate Rule 5(A) because it does not fix the amount of attorney's fees and costs that Wiper must pay and in fact reserves that issue for a future hearing. We agree.[5] *See Clark v. Atkins*, 489 N.E.2d 90, 99 (Ind. Ct. App. 1986) (holding that order awarding attorney's fees was not final judgment because amount of fees had not been set), *trans. denied*, *overruled on other grounds by Baxendale v. Raich*, 878 N.E.2d 1252 (Ind. 2008). Also, the order does not expressly direct entry of judgment under Trial Rule 54(B). Therefore, we must dismiss this appeal for lack of subject matter jurisdiction.

---

[4] Consequently, we are unpersuaded by Wiper's reliance on *Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014), in which our supreme court held that "the untimely [i.e., belated] filing of a Notice of Appeal is not a jurisdictional bar precluding appellate review." *Id*. at 967-68. Nothing in *O.R.* suggests that we may exercise jurisdiction over a prematurely filed appeal from a judgment that is not yet final.

[5] We also agree with the Owners' assertion that Wiper "does not properly seek appeal of an appealable interlocutory order" pursuant to Indiana Appellate Rule 14. Owners' Reply Br. at 12 n.1.

## Section 2 – Wiper's appeal is neither frivolous nor in bad faith, and therefore we deny the Owners' request for appellate attorneys' fees.

[12] The Owners also request appellate attorneys' fees under Appellate Rule 66(E), which states, "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." The Owners cite no authority for their suggestion that Wiper's appeal is frivolous or in bad faith simply because the order is not a final judgment. In fact, the Owners themselves apparently assumed that the order was a final judgment when they filed their appellees' brief; it was not until after Wiper filed its reply brief that the Owners raised the jurisdictional issue.

[13] The Owners also claim that Wiper's appeal is frivolous or in bad faith because its arguments regarding the legal sufficiency of its notices are "utterly devoid of all plausibility." Owner's Response at 10. We disagree. And even if those arguments are ultimately unsuccessful, Wiper may prevail on its arguments that the trial court had no statutory or other legal basis for denying it a refund,[6] applying its purchase money to the Owners' tax obligations on the Property,

---

[6] The order cites no authority for the proposition that the equitable doctrine of unclean hands may be used to deny a refund prescribed by statute.

barring Wiper and Vinod from participating in the next tax sale,[7] and considering and deciding issues other than the two specified in the October 2012 order. The success of these arguments may have some bearing on the success of Wiper's argument that the Owners are not entitled to attorneys' fees under Indiana Code Section 34-52-1-1.[8] In sum, we cannot conclude that Wiper's appeal is frivolous or in bad faith, and therefore we deny the Owners' request for fees.

[14] Dismissed.

Kirsch, J., and May, J., concur.

---

[7] As indicated above, Indiana Code Section 6-1.1-25-4.6(d) states that a tax deed petitioner is prohibited from participating in the next tax sale if "the court refuses to enter an order directing the county auditor to execute and deliver the tax deed" because the petitioner failed to fulfill the statutory notice requirements. Here, the auditor and treasurer invalidated the tax sale and Wiper withdrew its petition for tax deed long before the trial court issued its order.

[8] Wiper asserts that "the county's invalidation of the tax sale mooted all litigation with the exception of Wiper's refund. Thus Owners['] decision to expend money on continued litigation came at their own risk and did not entitle them to repayment of attorney fees by Wiper." Wiper's Response at 13. Although we do not condone any misconduct on Wiper's part, the record suggests that the Owners' counsel may have been more concerned with making an example of (and recovering fees from) Wiper than with promptly resolving the tax sale dispute on their clients' behalf. *See* Appellant's App. at 392 (Owners' June 2012 response to Wiper's opposition to Owners' motion to set hearing on motion to compel: "Given that Wiper and/or its principals are participants in Tax Sales with some regularity in multiple jurisdictions throughout the State of Indiana, including Warrick County, Indiana, it is critical that Wiper, like a bad mortgage servicer, be called to task and held to account for filing a false Affidavit in this case and to be deterred from future attempts to do so.").